IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRITTANY CONDE and ROCKY WAMSLEY on behalf of themselves and all others similarly situated, | : : : : | Case No.: |
| Plaintiffs, | : : : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | : : | |
| THE COLLECTION AGENCY, LLC d/b/a COLLECTION ASSOCIATES, a Registered Tradename, Andrew C. Maschman and John Does, | : : : : | [CLASS ACTION] |
| Defendants. | : : | |

COME NOW the Plaintiffs Brittany Conde and Rocky Wamsley by and through their attorneys, Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O. and O. Randolph Bragg of Horwitz, Horwitz & Associates to allege and state that this is a consumer class action brought on behalf of themselves and all other persons similarly situated for the Defendants' violations of the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §1692 *et seq.*, and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq*. ("NCPA")

This Action seeks declaratory judgment and injunctive relief as well as monetary damages against Defendants on behalf of the Plaintiffs and all other Nebraska consumers similarly situated for Defendants' routine use of collection complaints in the form of Exhibits A & B against Nebraska residents, which violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), 1692e(10), § 1692f and

§ 1692f(1) the FDCPA and the NCPA. In support of their claims, Plaintiffs state and allege as follows:

## JURISDICTION AND PARTIES

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. Venue is proper in this Court because the claims occurred as a result of actions that happened in this Judicial District.

3. Plaintiffs Brittany Conde and Rocky Wamsley are residents of Beatrice, Gage County, Nebraska. At all times material hereto Plaintiffs and each member of the class they seek to represent are "consumers" as that term is contemplated in §1692a(3) of the FDCPA.

4. The Collection Agency, LLC, (hereafter "The CA") is a collection agency doing business under the Registered Trade Name – COLLECTION ASSOCIATES.

5. The CA is located in Beatrice, Nebraska, and is regularly engaged in the business of collecting consumer debt.

6. Defendant Andrew C. Maschmann is the president of The CA. He is also the secretary, treasurer and only director of The CA.

7. Defendant Andrew C. Maschmann ("Maschmann") operates and manages The CA, and is regularly engaged in the business of collecting consumer debt.

8. The CA regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

9. John Does (hereafter "Does") are individuals employed by or affiliated with The CA and engaged in the business of collecting debts and regularly attempt to collect debts alleged to be due another by use of the mail and telephone and are "debt collectors" within the meaning of 15 U.S.C. §1692(a)(6).

10. Defendant Maschmann is affiliated with The CA and is engaged in the business of collecting debts and regularly attempt to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

11. Defendants attempted to collect debts alleged to be due to another for personal, family or household purposes, i.e. – medical services – from Plaintiffs and each member of the purported class.

12. Defendants are entities who: contributed to, participated in, authorized and/or implemented the policies regarding the acts complained of or conspired with the other Defendants to commit the acts complained of which caused injuries to the Plaintiffs and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

13. At all times relevant herein each Defendant was, and is the agent,

servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, and acts within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference to "Defendants", without further qualification, refers to each Defendant named above.

## FACTUAL ALLEGATIONS

14. Defendants sued Plaintiffs Brittany Conde and Rocky Wamsley on two occasions with their standard county court debt collection complaints. On March 26, 2020, Defendants filed the first complaint against Plaintiffs in the County Court of Gage County, Ne, in action entitled, *"Collection Associates v. Brittany Conde and Rocky Wamsley,"* at Case Number CI 20 – 309. Attached as Exhibit "A" and incorporated herein is a true and correct copy of said standard collection complaint.

15. On or about October 12, 2020, Defendants filed their second collection lawsuit against Plaintiffs in action entitled, *"Collection Associates v. Brittany Conde and Rocky Wamsley,"* at Gage County Case Number CI 20 – 939. Attached hereto as Exhibit "B" and incorporated herein by this reference is a true and correct copy of said collection complaint. Both standard county court collection complaints seek payment of alleged bills for medical care / services.

16. Defendants' county court collection complaints in the form of <u>Exhibits A & B</u> are prepared from a template or are form complaints Defendants routinely use in the collection of alleged consumer debt against residents of Nebraska.

17. <u>Exhibits A & B</u> include several identically worded CAUSES OF ACTION – but for the original creditor and dollar amounts sought in collection. Paragraph No. 2 of Defendants' template collection complaint reads:

> That the Plaintiff is now and has been doing business as The Collection Agency, LLC, doing business as Collection Associates, a Registered Nebraska Tradename, in Beatrice, Gage County, Nebraska, and pursuant to its duties has received its assignment(s) from the following: ….    (Alleged Accounts are Listed Here.)
>
> for a total amount due of $____, which amount is presently due and owing as a result of one or more of the following; services rendered, labor provided, material furnished, charges made to the Defendants, _____ and/or charges covering articles and service affecting the life and well-being of the Defendants which are necessaries of life.

18. Paragraph No. 3 of Defendants' template collection complaint reads:

> Plaintiff and/or its assignor(s) has made demand upon the Defendant(s) for items described in paragraph two rendered in the amount of $_____ more than 90 days prior to the filing of this complaint. Plaintiff is entitled to interest on the amount of the claim at the rate of 6% per annum from the dates alleged in Paragraph 2 and attorney's fees all pursuant to Neb. Rev. Stat. 25-1801 upon entry of judgment.

19. Defendants' county court collection complaints in the form of <u>Exhibits A & B</u> fail to identify the patient, date of service, include an itemization of amounts and/or account numbers, which created confusion for Plaintiffs and class members.

20. Plaintiffs Brittany Conde and Rocky Wamsley were confused and left to guess about Exhibits A & B because both complaints fail to identify to whom, when or what benefit the original credit provided without guesswork by the consumer. *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

21. Defendants created, approved, directed and supervised the preparation and use of collection complaints in the form of Exhibits A & B against Plaintiffs and the class members.

22. Plaintiffs suffered concrete and particularized harm because their legally-protected consumer rights under the FDCPA and the NCPA were violated by Defendants as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

23. Defendants' confusing / misleading collection complaints are a material violation of the FDCPA and establish Plaintiffs' standing to bring this case. *Tourgeman v. Collins Fin. Serves., Inc*., 755 F.3d 1109 (9th Cir. 2014).

24. Defendant Maschman is the owner-operator of Defendant "The CA" and is personally involved in its daily operations.

25. Defendant Maschman created, approved, directed, and supervised the preparation and sending of standard collection complaints in the form of Exhibits A and B to Plaintiffs and the class members.

## DEFENDANTS' ROUTINE PRACTICES

26. It is and was Defendants' routine practice to use standard collection complaints in the form of <u>Exhibits A & B</u> against Nebraska residents.

27. It is Defendants' routine practice to file county court collection complaints to recover allegedly past due medical accounts in the form of <u>Exhibits A & B</u> that request an award of attorneys' fees and prejudgment interest pursuant to Neb.Rev.Stat. § 25-1801.

28. It is Defendants' routine practice to seek and collect sums in addition to principal, including prejudgment interest and statutory attorney fees even though their standard collection complaints (<u>Exhibits A & B</u>) do not meet or comply with the mandatory language or meet the requirements for being awarded either attorneys' fees or prejudgment interest pursuant to Neb.Rev.Stat. § 25-1801.

29. Defendants' routine practice of collecting such unauthorized charges violates the FDCPA by seeking and collecting interest, fees and costs, which are not permitted by law in violation of 15 U.S.C. §1692f and 1692f(1).

30. Defendants routinely file and prosecute collection lawsuits against Nebraska residents, which mispresent the nature of the consumer's medical account as "services rendered, labor provided, material furnished, charges made to the Defendant(s), … and/or charges covering articles and service affecting the life and well-being of the Defendant(s) which are necessaries of life." The CA uses this

language rather than identifying the claim as an action on an account. Additionally, the standard complaints fail to identify dates of service, identity of patients and/or account numbers sufficient to identify the accounts forming the basis of the county court complaints.

## CLASS ALLEGATIONS

### FDCPA CLASS

31. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendant The CA filed a county court collection complaint in the form of Exhibit A and/or B or such a collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged medical debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, the records of the original creditor(s), was primarily for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.

### NCPA CLASS

32. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendant The CA filed a county court collection complaint in the form of Exhibit A and/or B or such a collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged medical debt (iv) which, as shown by the nature of the alleged debt, Defendants'

records, the records of the original creditor(s), was primarily for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

33. Defendants' use of county court collection complaints in the form of Exhibit A and/or Exhibit B is so numerous that joinder of all members is impractical.

34. There are questions of law and fact common to the class, which common questions predominate over issues involving only individual class members. The principal legal question is whether Defendants' use of county court collection complaints in the form of Exhibit A and/or Exhibit B violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), § 1692e(10), § 1692f and § 1692f(1).

35. Plaintiffs' claims and those of the class are based on the same facts and legal theories.

36. Plaintiffs will fairly and adequately represent the interests of the class members.

37. Plaintiffs retained counsel experienced in class actions and debt collection abuse cases.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

39. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

    (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

41. Plaintiffs request that the Court certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiffs restate each allegation above as if fully set forth herein.

43. Plaintiffs for their First Cause of Action against the Defendants state and allege that during the course of attempting to collect the alleged debts, Defendants:

    a) made false or misleading statements in connection with the

      attempted collection of said debt, in violation of 15 U.S.C. §1692e, e(2)(A), and 1692e(10);

b) misrepresented the character, amount or legal status of the alleged debt, in violation of §1692e(2)(A);

c) failed to identify the patient, date of service and/or account number in the collection complaints, which created confusion for Plaintiffs and class members in violation of 15 U.S.C. § 1692e;

d) misrepresented the compensation received for collection of the alleged debts in violation of  § 1692e(2)(B); and

e) attempted to collect amounts (including interest, fees charges or expenses incidental to the principal obligation) not expressly authorized by the agreements creating the alleged debts or permitted by law in violation of § 1692f and § 1692f(1).

WHEREFORE, Plaintiffs ask that judgment be entered for themselves and the class they seek to represent against the Defendants for:

A. Certification to proceed as a class action;

B. Damages to the Plaintiffs and the class, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

C. Entry of a Declaratory Judgment finding that the practices challenged herein violate the FDCPA;

D.   Costs and reasonable attorneys' fees; and

E.   Such other and further relief as the Court deems just and equitable.

## **NEBRASKA CONSUMER PROTECTION ACT**

Plaintiffs for their Second Cause of Action state and allege as follows:

44.   Plaintiffs restate each and every allegation set forth in the previous Cause of Action as if fully set forth herein.

45.   Each Defendant is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, (NCPA) Neb. Rev. Stat. § 59-1601.

46.   Defendants' actions described above, also violate provisions of the NCPA, Neb. Rev. Stat. § 59-1601 *et seq*.

47.   Bringing this claim is in the public interest.

WHEREFORE, Plaintiffs request that judgment be entered for themselves and the class they seek to represent against Defendants for:

A.   Certification of this action to proceed as a class action;

B.   Damages for the Plaintiffs and each class member pursuant to Neb.Rev.Stat. § 59-1609;

C.   Injunctive Relief;

D.   Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 59-1609; and

E. Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

Dated: December 7, 2020

BRITTANY CONDE and ROCKY WAMSLEY, on behalf of themselves and all others similarly situated, Plaintiffs,

By: */s/Pamela A. Car*
Pamela A. Car #18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., LLO
2120 S. 72nd Street, Suite 1125
Omaha, NE 68124
(402) 391-8484 Telephone
E-mail: pacar@cox.net

O. Randolph Bragg
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 - Fax
rand@horwitzlaw.com

**ATTORNEYS FOR THE PLAINTIFFS AND THE PUTATIVE CLASS**

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable in Omaha, NE.

By: */s/Pamela A. Car*